UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN D. FLOYD,

    Petitioner,

-vs-                              Case No. 8:06-cv-23-T-27TBM

JAMES V. CROSBY, JR., and
WENDEL WHITEHURST, Warden,

    Respondents.
_____/

## ORDER

Petitioner, a Florida prisoner under sentence of death proceeding *pro se*, initiated this cause of action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. 1) and an Affidavit of Indigency in which he seeks leave to proceed *in forma pauperis* (Dkt. 1, Attach.).

Petitioner has not filed a request for appointment of counsel pursuant to the Criminal Justice Act. Petitioner is challenging a 2002 conviction for first degree murder entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). The Florida Supreme Court affirmed Petitioner's conviction and sentence on October 12, 2005. *See Floyd v. State*, 913 So.2d 564 (Fla. 2005). The Court takes judicial notice of information available at the Florida Supreme Court On-Line Docket, viewed January 6, 2006, stating that an order was entered on November 10, 2005, directing the Capital Collateral Regional

Counsel - Middle Region ("CCRC-M") to file a notice of appearance or a motion to withdraw in the trial court on or before December 12, 2005. Therein, the Chief Judge of the Sixth Judicial Circuit Court, Pinellas County, Florida, was directed to assign Petitioner's case to a judge qualified to handle capital cases, with instructions that if the CCRC-M moved to withdraw, the motion was to be ruled on within 15 days and, if necessary, new post-conviction counsel appointed. The Court takes judicial notice of information available at the Pinellas County Consolidated Justice Information System maintained by the Clerk, Sixth Judicial Circuit Court, viewed on January 9, 2006, stating that Petitioner filed a *pro se* motion on January 4, 2006, requesting a *Faretta*[1] hearing. A hearing is scheduled to be held January 20, 2006, on Petitioner's *Faretta* motion. *Id*. It appears, therefore, that the case remains active in that court.

It is clear from the record that Petitioner has not exhausted his state remedies. In recognition of the nature of comity between the national and state sovereignties in our federal system, this Court should give the state courts an opportunity to rule on Petitioner's claims. Therefore, this case will be dismissed without prejudice to give Petitioner the opportunity to exhaust his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A).

**ACCORDINGLY**, the Court **ORDERS** that:

---

[1] *Faretta v. California*, 422 U.S. 806, 835 (1975) (recognizing a Sixth Amendment right to self-representation, the court held that before a defendant is allowed to waive the assistance of counsel, he "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.").

1. The Petition for Writ of Habeas Corpus is **DENIED** without prejudice to Petitioner filing another request for federal habeas relief under a new case number once the state court proceedings have concluded (Dkt. 1).

2. Petitioner's request to proceed *in forma pauperis* is **DENIED** (Dkt. 1, Attach.).

3. The **Clerk** shall enter judgment against Petitioner, terminate any pending motions, and close this case.

**ORDERED** in Tampa, Florida, on January 11th, 2006.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:jsh

Copy to: *Pro se* Petitioner

    Carol M. Dittmar
    Office of the Attorney General
    Concourse Center 4
    3507 E. Frontage Rd., Suite 200
    Tampa, FL 33607-7013